UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TIMOTHY RAY JONES, | : | Case No. 3:20-cv-233 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATIONS[1]

Plaintiff Timothy Ray Jones brings this case challenging the Social Security Administration's denial of his applications for period of disability, Disability Insurance Benefits, and Supplemental Security Income. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #14), the Commissioner's Memorandum in Opposition (Doc. #17), Plaintiff's Reply (Doc. #18), and the administrative record (Doc. #10).

**I.     Background**

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen,* 476 U.S. at 469-70.

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

In the present case, Plaintiff applied for benefits on October 6, 2017, alleging disability due to several impairments, including a lung disorder, high blood pressure, diabetes, depression, and anxiety. After Plaintiff's applications were denied initially and upon reconsideration, he requested and received a hearing before Administrative Law Judge (ALJ) Stuart Adkins. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520, 416.920.[2] He reached the following main conclusions:

Step 1: Plaintiff has not engaged in substantial gainful employment since January 1, 2015.

Step 2: He has the severe impairments of bronchiectasis; pulmonary fibrosis; diabetes mellitus with neuropathy; and obstructive sleep apnea.

Step 3: He does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: His residual functional capacity, or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "light work … subject to the following limitations: The claimant is able to lift and/or carry 20 pounds occasionally and 10 pounds frequently. He is able to stand and/or walk for about 6 hours and sit for about 6 hours in an 8-hour workday. The claimant would be permitted to alternate between sitting and standing every 30 minutes while at the workstation. He should never climb ladders, ropes, or scaffolds. He is able to climb ramps and stairs, stoop, kneel, crouch and crawl on a frequent basis. He should avoid concentrated exposure to extreme heat, extreme cold, humidity, dusts, odors, fumes and pulmonary irritants. He should avoid exposure to unprotected heights and dangerous machinery."

He is unable to perform any of his past relevant work.

Step 5: He could perform a significant number of jobs that exist in the national economy.

---

[2] The remaining citations will identify the pertinent Disability Insurance Benefits Regulations with full knowledge of the corresponding Supplemental Security Income Regulations.

(Doc. #10, *PageID* #s 52-62). Based on these findings, the ALJ concluded that Plaintiff was not under a benefits-qualifying disability. *Id.* at 62.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #10, *PageID* #s 52-62), Plaintiff's Statement of Errors (Doc. #14), the Commissioner's Memorandum in Opposition (Doc. #17), and Plaintiff's Reply (Doc. #18). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II. Standard of Review

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

**III.     Discussion**

Plaintiff asserts the ALJ erred in determining Plaintiff's residual functional capacity because he "crafted an RFC out of whole cloth, without aid from any medical opinion." (Doc. #14, *PageID* #1091). Plaintiff points to other district courts in this circuit that have found that although the RFC is the ALJ's responsibility, the determination must be supported by at least one medical opinion. *Id.*

A claimant's RFC "is the most [he] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ must determine a claimant's RFC "based on all of the relevant medical and other evidence" of record. 20 C.F.R. §§ 404.1545(a)(3), 404.1546(c). Although the ALJ must consider all relevant evidence in determining a claimant's RFC, "the RFC is ultimately a medical question that must find at least some support in the medical evidence of record." *Powell v. Comm'r of Soc. Sec.*, No. 3:15-CV-406, 2017 WL 1129972, at *4 (S.D. Ohio Mar. 27, 2017) (citing *Casey v. Astrue*, 503 F.3d 687, 697 (8th Cir. 2007)). "In other words, [t]he [RFC] opinions of treating physicians, consultative physicians, and medical experts who testify at hearings are crucial to determining a claimant's RFC because [i]n making the [RFC] finding, the ALJ may not interpret raw medical data in functional terms." *Scott v. Comm'r of Soc. Sec.*, No. 3:18-CV-171, 2019 WL 2462282, at *3 (S.D. Ohio June 13, 2019), *report and recommendation adopted,* No. 3:18-CV-171, 2019 WL 4220925 (S.D. Ohio Sept. 5, 2019) (quoting *Isaacs v. Astrue*, No. 1:08-CV-00828, 2009 WL 3672060, at *10 (S.D. Ohio Nov. 4, 2009)) (internal quotation marks omitted).

But, the ALJ's RFC finding needs to correspond to a particular physician's opinion. *Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 226 (6th Cir. 2019) (citing *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013)). Instead, "the administrative law judge must make a connection between the evidence relied on and the conclusion reached." *Id.*

In the present case, the record includes medical opinions from Plaintiff's treating pulmonologist, Patrick Allen, M.D., and the record-reviewing psychologists and physicians. The record-reviewing psychologists and physicians found that there was insufficient evidence available to evaluate Plaintiff's conditions prior to his date last insured, December 31, 2015. (Doc. #10-3, *PageID* #s 105-09, 112-17). The ALJ thus found their opinions to be "moot and therefore unpersuasive" because additional evidence was added to Plaintiff's file. (Doc. #10-2, *PageID* #59). Similarly, the ALJ concluded that the opinions of Plaintiff's treating pulmonologist, Dr. Allen, were not persuasive. Thus, the ALJ did not rely on any medical opinions in determining Plaintiff's RFC.[3]

The Commissioner asserts that, although the ALJ did not rely on a medical opinion, he explained the basis for his RFC. For instance, the ALJ included a sit/stand option because of Plaintiff's neuropathy and limited exposure to pulmonary irritants and temperature extremes to accommodate Plaintiff's respiratory impairments. (Doc. #17, *PageID* #1105).

The ALJ does not, however, explain how all of his RFC conclusions correlate to medical findings. For example, the ALJ does not indicate what evidence he relied on to reach the conclusion that Plaintiff could walk and/or stand for six hours in an eight-hour workday. This limitation conflicts with Dr. Allan's opinion that Plaintiff could only stand/walk for fifteen minutes at a time. (Doc. #10-7, *PageID* #650). It also conflicts with Plaintiff's testimony that he can only stand for thirty to forty-five minutes at a time before he needs to sit down. (Doc. #10-2, *PageID* #86). Similarly, no medical source considered whether Plaintiff could climb ramps/stairs, stoop, kneel, crouch, or crawl. The ALJ did not provide any explanation for how he determined Plaintiff could frequently do those activities. "If there is a logical bridge between the medical findings and

---

[3] Notably, no medical source evaluated Plaintiff's neuropathy or how it may limit his ability to work. Likewise, no medical source considered Plaintiff's obstructive sleep apnea.

the RFC, it is not evident." *McCaig v. Comm'r of Soc. Sec.*, No. 16-11419, 2017 WL 4211047, at *9 (E.D. Mich. Aug. 25, 2017), *report and recommendation adopted,* No. 16-11419, 2017 WL 4176734 (E.D. Mich. Sept. 21, 2017); *Snell v. Comm'r of Soc. Sec.*, 3:18cv173, 2019 WL 3406435 (S.D. Ohio July 29, 2019) ("In other words, the ALJ's determination – made without any support of medical source opinions – also amounts to an impermissible interpretation of medical data and is unsupported by substantial evidence.")

Accordingly, for the above reasons, Plaintiff's Statement of Errors is well taken.[4]

**IV.     Remand**

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right.  *Bowen*, 478 F.3d at 746.  Remand may be warranted when the ALJ failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991).  Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits.  *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994).  The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while

---

[4] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.

contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to an order remanding this case to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above.

### IT IS THEREFORE RECOMMENDED THAT:

1. The Commissioner's non-disability finding be vacated;

2. No finding be made as to whether Plaintiff Timothy Ray Jones was under a "disability" within the meaning of the Social Security Act;

3. This matter be **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Report and Recommendations, and any decision adopting this Report and Recommendations; and

4. The case be terminated on the Court's docket.

August 2, 2021                                     *s/Peter B. Silvain, Jr.*
                                                                      Peter B. Silvain, Jr.
                                                                        United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).